[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO CONFIRM ELECTION FOR JUDGMENT(#173); OBJECTION TO MOTION TO CONFIRM ELECTION AND FOR JUDGMENT (#176 and #185) AND MOTION TO COMPEL A NEW ELECTION AND ANNUAL MEETING (#184) MEMORANDUM OF DECISION
CT Page 5102
On June 11, 2000, the plaintiffs, Walter Wheeler III and the Stamford Historical Society (SHS), filed a motion to confirm an election and for judgment. The defendants, Patricia Kane (Kane), Linda Demott, Renee Kahn, Diane Tatro, Edward Tatro and Hilda Cook filed memoranda of law in opposition.[1] Furthermore, on September 11, 2000, defendant Kane moved to compel a new election and an annual meeting. On October 11, 2000, this court granted the plaintiffs' motion to confirm an election and for judgment and denied Kane's motion to compel a new election and an annual meeting. This court rendered these holdings without memoranda of decision. Upon further review, however, this court has decided to issue a memorandum of decision setting forth its bases for granting the plaintiffs' motion and denying Kane's motion.
On May 5, 2000, this court ordered, that SHS hold a new election of its board of directors on May 26, 2000. See Wheeler v. Kane, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 173007 (May 5, 2000, Hickey, J.) (27 Conn.L.Rptr. 164). On May 15, 2000, this court appointed a Judicial Overseer, Jay H. Sandak (Overseer), to facilitate the upcoming election and meeting and to work with the parties to resolve disputes which would interfere with the court ordered election. In his May 30, 2000, report the Overseer stated the following: pursuant to this court's direction, the Overseer contacted a neutral parlimentarian, Pauline A. Sampieri, to help administer the meeting. Both parties accepted Sampieri as a parlimentarian for the purposes of the meeting. After a claim by the defendants that they were denied access to the SHS membership lists, the Overseer spoke with both parties and was able to facilitate disclosure qf the lists to the defendants.
Furthermore, the Overseer stated that on May 26, 2000, he attended the SHS meeting and noted the following: the SHS had prepared final membership lists and used that list to check off individuals as they arrived. As people arrived and their membership status was checked, they were handed two index cards, one pink and one yellow. The purpose of the cards was to identify whom among those present were entitled to vote. At 4:20PM, the meeting was called to order by the President of the Holdover Board, plaintiff-Walter Wheeler III. At the time the meeting began, there were no individuals waiting to check in and all had received index cards. Both a videographer and the parlimentarian were present. The parties had agreed that each side would provide two counters, so in total there were four counters representing both parties. At the start of the meeting, several people rose to challenge the decision of the Chair to conduct the vote before considering a proposal by Pitney Bowes Corporation. A vote of the membership committee upheld the Chair's decision and at 5:20PM, the Chair received a report of the nomination CT Page 5103 committee for the Class of 2002. After discussion, the vote was taken and the Chair reported that the slate was approved by the membership with a vote of 146 in favor and 8 opposed. The Chair then called for the report of the nominating committee to fill a vacancy in the Class of 2001 and the slate for the Class of 2003. At 5:55PM, after discussion, there was a vote and the Chair reported that the slate was approved by a vote of 139 in favor and 2 opposed. After the vote, the Chair opened the floor to discussion of the Pitney Bowes proposal. It was moved and seconded that the matter be referred to a committee for consideration. At 6:04PM, the meeting was adjourned.
The court finds that the Overseer's report is credible and clearly indicates that the May 26, 2000, SHS meeting was properly held and that all votes were duly conducted. Consequently, the court grants the plaintiffs' motion to confirm the election and judgment and denies the defendants' objections. Furthermore, the court denies defendant Kane's motion to compel a new election and an annual meeting.
HICKEY, J.